■ In the Matter of ANNETTE G. SIEGEL, Deceased. DEBORAH E. SIEGEL, as Preliminary Executor of MARTIN SIEGEL, Deceased, Appellant-Respondent; DAVID I. SIEGEL et al., Respondents-Appellants. [935 NYS2d 115]—

On November 1, 2004, Siegel renounced his "survivorship interest" in certain real property located in Plainview (hereinafter the Plainview property), which he owned jointly with the decedent, as tenants by the entirety. His renunciation specified that the Plainview property should be treated "as if [it] were owned by myself and the decedent as tenants in common." Thus, he renounced his right to take the decedent's interest by operation of law, as surviving tenant by the entirety; he did not renounce any other rights he might have to the Plainview property (*see* EPTL 2-1.11 [c] [1]). The decedent's one-half interest

in the Plainview property was treated as part of the testamentary trust.

On September 25, 2005, Siegel married the petitioner, and on December 20, 2006, they purchased a house in Roslyn Harbor (hereinafter the Roslyn Harbor property), jointly, as tenants by the entirety. To finance the purchase, in November 2005, Siegel, claiming he was sole owner of the Plainview property which he owned jointly with the trust, borrowed the sum of $400,000 against that property. On January 29, 2007, he sold the subject property for the sum of $510,000, paid off the $400,000 loan, and netted the sum of $97,466.68 after closing expenses and adjustments. Siegel also took additional funds from two accounts held by the trust.

Siegel died on November 16, 2007, and under the terms of his will, the petitioner became the executor of his estate. In that capacity, the petitioner filed a final account of Siegel's acts as trustee of the decedent's testamentary trust, claiming distributions to Siegel of, inter alia, $48,733.36, constituting one half of the $97,466.68 which he received upon the sale of the Plainview property which he held jointly with the trust, and additional funds which he took from the accounts held by the trust. After filing objections, the objectants moved for summary judgment granting their objections, inter alia, claiming a right to fix the amount owed by Siegel as trustee to the trust, and to impose a lien on the Roslyn Harbor property for that amount. The petitioner cross-moved for summary judgment dismissing those objections, claiming that the amounts taken by Siegel from the trust were proper distributions, and, in any event, any right to assert a lien against the Roslyn Harbor property terminated upon Siegel's death, when the petitioner assumed sole title as the surviving tenant by the entirety.

In the order appealed from, the Surrogate's Court denied the objectants' motion for summary judgment without prejudice and denied the petitioner's cross motion. The Surrogate's Court found that the record was "ambiguous" as to whether the funds taken by Siegel from the trust were misappropriations, loans, or legitimate distributions, and that the petitioner failed to establish as a matter of law that she "had no knowledge of the source of the funds [Siegel] used to purchase" the Roslyn Harbor property. We affirm the order insofar as appealed and cross-appealed from.

The Surrogate's Court properly determined, in effect, that there were triable issues of fact as to whether the funds taken by Siegel from the trust were misappropriations, loans, or legitimate distributions. The objectants, as movants for summary

judgment, had the burden of establishing their entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and failed to meet that burden. Likewise, the Surrogate's Court properly denied the petitioner's cross motion for summary judgment dismissing the objectants' claims of a right to repayment and restitution, and a right to assert a lien on the subject property. The petitioner failed to establish, prima facie, that she did not consent to Siegel's creation of a lien on the Roslyn Harbor property, or that she did not participate in his alleged misappropriation of the trust assets. In light of the parties' failure to meet their respective prima facie burdens, it is unnecessary to review the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.